UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC LEMONT HIGDON, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:16-cv-1966-MHH-HNJ |
| THE STATE OF ALABAMA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On July 22, 2019, the magistrate judge filed a report in which he recommended that the Court deny petitioner Eric Lamont Higdon's petition for writ of habeas corpus. (Doc. 10). On August 5, 2019, Mr. Higdon filed objections to the report and recommendation. (Doc. 11). Mr. Higdon states that he "does not object to the factual finding of the Report and Recommendation, pages one (1) through 15," but he "disputes any and all final legal conclusions reached by the Magistrate Judge regarding the issues in his Report and Recommendations." (Doc. 11, p. 1).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093,

1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Higdon argues that during the appellate proceedings following his conviction, he could not anticipate that the Alabama Supreme Court would change the law regarding first degree sodomy by forcible compulsion. He contends that his constitutional rights were violated when the Alabama Supreme Court applied the change retroactively to sustain his conviction. (Doc. 11, pp. 1-2). Mr. Higdon asserts that he had "no way or means of knowing that the [Alabama] Supreme Court would violate" his "rights until [the Alabama Supreme Court] actually rendered its[] decision." (Doc. 11, p. 1). Mr. Higdon believes he properly raised his federal constitutional challenge in his application for rehearing in the Alabama Supreme Court. (Doc. 11, p. 1).

The Court respectfully disagrees. As the magistrate judge explained, the State's petition for writ of certiorari to the Alabama Supreme Court gave Mr. Higdon fair and adequate notice that the State was urging the Alabama Supreme Court to reverse *Ex parte J.A.P.*, 853 So. 2d 280 (Ala. 2002), and afterwards reinstate Mr. Higdon's conviction for first degree sodomy by compulsion. (Doc. 10, pp. 22-23).

Though he inaccurately identified the constitutional right that was in jeopardy, in his brief to the Alabama Supreme Court, Mr. Higdon mentioned that it would be unconstitutional to apply a change in the law retroactively to sustain the conviction against him for sodomy by compulsion. But he did not indicate whether his constitutional right was rooted in state or federal law, and he cited no constitutional provision or case law that would alert the Alabama Supreme Court to a federal constitutional challenge. (Doc. 7-15, p. 10; Doc. 10, pp. 23-24). Because Mr. Higdon did not exhaust his constitutional challenge during his state court proceedings, he may not obtain habeas relief now.[1]

Having reviewed the materials in the record, the Court overrules Mr. Higdon's objections, adopts the magistrate judge's report, and accepts the magistrate judge's recommendation. Accordingly, the Court denies Mr. Higdon's petition for a writ of habeas corpus and dismisses this action with prejudice. The Court will not issue a certificate of appealability.

**DONE** this 23rd day of September, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Mr. Higdon has not challenged his conviction or sentence for 23 years for first degree sodomy of a child less than 12 years old. He challenges only his conviction for first degree sodomy by compulsion for which he received a 15-year sentence. Therefore, relief on his habeas petition concerning his 15-year sentence would leave undisturbed his 23-year sentence, which runs concurrent with the 15-year sentence. (Doc. 7-15, p. 3; Doc. 10, p. 4).